Dear Mr. Bertrand:
You have requested the opinion of this office on the legality of a proposed intergovernmental agreement between the Vermilion Parish Police Jury (Police Jury) and the Hospital Service District No. 2 of Vermilion Parish (Hospital District) for the construction of a facility that would house a parish health unit and offices for other community service programs. Under the proposed agreement the Police Jury would construct and maintain a building on land owned by the Hospital District and then use the building to house a parish health unit and provide office space for other community service programs. A reversion clause in the agreement would return the property to the Hospital District should the Police Jury cease operations. Of specific concern to the Police Jury is whether such an agreement is permissible under R.S. 46:1071, et seq.
A review of R.S. 46:1071, et seq., shows that the purpose of these provisions are to enhance the ability of a hospital service district to compete effectively and equally in the private health care market for health care services by developing marketing strategies and engaging in the acquisition, construction, maintenance, and/or lease of medical office buildings or facilities. Section 1074 provides for the disposition of hospital service district immovable property to any person or legal entity for fair market value. Section 1077 provides for the authority to enter into contracts or joint ventures for hospital health services and that such a contract or joint venture is presumed to be a valid cooperative endeavor agreement authorized by ArticleVII, Section 14(C) of the Constitution of Louisiana.
The proposed agreement described in your opinion request would have the Hospital Service District contribute certain immovable property to the Police Jury who would in turn construct and operate a Parish health unit. Such an agreement would be between two public entities rather than between a public entity and a private person or legal entity and therefore the provisions of R.S. 33:1321, et seq., and not R.S. 46:1071, et seq., would be applicable.
R.S. 33:1324 grants to parishes and other political subdivisions of the state authority to enter agreements to engage jointly in the construction, acquisition, improvement, promotion and maintenance of any undertaking so long as at least one of the parties to the agreement is authorized by law to perform such activity or exercise such power as is necessary for completion of the undertaking. Both the Vermilion Police Jury and the Hospital Service District No. 2 of Vermilion Parish qualify as political subdivisions of the state and therefore may enter into agreements pursuant to this provision.
Among the purposes for which such joint undertakings are designated as appropriate in R.S. 33:1324 are health protection and recreational and educational facilities. The proposed facility will be utilized as a Parish Health Unit and for other community service programs and therefore clearly qualifies under the provisions of this statute.
R.S. 33:1325 requires that each party to the agreement accept the agreement by ordinance or resolution which sets forth the terms of the agreement and that the agreement be published in the official journal of both bodies.
If it becomes desirable, the facility may be operated by a joint commission formed with the consent and participation of both bodies, as provided by R.S. 33:1332.
Please note that any agreement relating to the construction, use and operation of the facility should be scrutinized carefully for compliance with the requirements of R.S. 33:1321-1332.
I trust that this answers your inquiry. Please advise if we may be of further assistance.
 Very truly yours, CHARLES C. FOTI, JR. Attorney General
 By: _______________________________ RICHARD L. MCGIMSEY Assistant Attorney General
CCF, Jr/RLM/dam